The Honorable Harold Caskey Senator, District 31 State Capitol Building Jefferson City, MO 65101
Dear Senator Caskey:
You submitted the following question to this office:
 When a third class county with a township form of government and using township planning and zoning elects to abolish the township form of government, what is the result for township planning and zoning?
Within the information you submitted you have advised this office that:
 Henry County, a third class county with a township form of government, will hold an election to abolish the township form of government pursuant to Section 65.020, RSMo. If the voters choose to abolish the township form of government, what will be the consequence for the township zoning and planning system currently used in Henry County, pursuant to Sections 65.650 to 65.700?
The township organization form of government is permitted in third or fourth class counties. Section 65.010, RSMo 1994. Such a township organization form of government can only be adopted upon "a majority of the voters of the county voting upon the question" and may be abolished by a vote of the county. Sections 65.020 and 65.610, RSMo 1994. Based upon what you have submitted apparently the voters of Henry County, having previously adopted township government, are considering abolishing the township form of government.
A township board may submit to the voters of the township a proposal to adopt township planning and zoning as long as that county has not adopted its own county-wide zoning. Section 65.650, RSMo 1994. If township zoning is adopted, a township planning commission is created to develop a master plan for the township. Sections 65.652 and 65.662, RSMo 1994. From what you have submitted we assume that certain townships within Henry County have adopted township zoning.
Our research has disclosed no cases addressing the question of what happens to property zoned by a township when the voters of the county decide to abolish the township form of government. However, considering that townships have only had the authority to adopt township planning and zoning since 1989, it is not surprising that there are no cases dealing with this issue. See Section 65.650, RSMo 1994, and Attorney General Opinion 66-185, withdrawn September 29, 1989.
An analogous situation would be if an area zoned by a county is annexed into a municipality that has zoning. The issue would be what is the zoning of the property between the date of annexation and action by the municipality's planning and zoning commission to rezone the property. InDahman v. City of Ballwin, 483 S.W.2d 605 (Mo.App. 1972) the court addressed this issue. In Dahman, the city of Ballwin annexed an area of unincorporated St. Louis County that was zoned for single-family residences at the time of annexation. When the city zoned the property to multiple-family residences, it utilized a procedure for original zoning which required a simple majority vote of the board of aldermen, rather than the procedure for rezoning, which required a three-quarter majority vote. The court nullified the action by the city and concluded that when the city annexed the property, the property came into the city with the existing zoning by the county. Dahlman, supra at 610-11.
There are public policy considerations that supported the result inDahlman. The court explains those considerations at pages 610 and 611 ofDahlman.
 The authority of the county to zone was not and could not be challenged. It was a regulation of the use of land that had existed for a period of time, during which plaintiffs and others had purchased homes in adjacent areas. These people relied upon the zoning regulations established by the county and had a right to rely upon them. Such zoning powers vested in charter counties by the Constitution are in the public interest and are designed to promote public health and welfare. . . . Some of the stated objectives of zoning are to "lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population * * *." § 89.040. With such salutory purposes, expressed by the legislature, we cannot lightly disregard the zoning of this land by the county and say that the city, after annexation, may proceed to zone, irrespective of whether it had been previously zoned.
* * *
 The protection and certainty of a prior zoning classification should be retained by an annexed territory until duly changed by the city which assumes legal control over the property so classified. The annexing city is being deprived of nothing. It still maintains the legal control permitted by statute. Likewise, the annexing city is not being forced to abide by a course of conduct prescribed by a sister branch of government. There is actually no change in the sovereign power. The state is the sovereign. There is merely a change in the administration of that power from one branch of the state to another. . . . the right to zone is a delegated power, exercised by the city as an arm of the state. This police power must be considered exercised for the protection of all of the citizens of Missouri, and not just a certain segment segregated by the invisible boundary lines of a municipality. It logically follows that a defendant city cannot deprive the plaintiffs of the protection they were entitled to . . . by ignoring the prior act of zoning of St. Louis County.
 The St. Louis County zoning classifications . . . continued in effect after its annexation by the City of Ballwin until lawfully changed by municipal ordinance.
The same reasoning applies to the situation described in your request. The property owners in the townships that have adopted zoning rely upon that zoning when making decisions about the buying and selling of property and the use of property either bought or sold. Upon abolishment of the township form of government the existing zoning remains in effect until appropriate action by the county to change that zoning.
 CONCLUSION
If a third class county with a township form of government using township planning and zoning abolishes the township form of government, the township zoning remains in place until the county takes action to change that zoning.
Very truly yours,
JEREMIAH W. (JAY) NIXON
Attorney General